UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Bruce Brown,
      Plaintiff

      v.                                    Case No. 10-cv-257-SM
                                            Opinion No. 2012 DNH 095
Celia Englander, M.D.;
William Wrenn, Commissioner, N.H. Dept.
of Corrections; Richard Gerry, Warden,
N.H. State Prison; and Robert McLeod,
Director of Medical and Forensic Services,
N.H. Dept. of Corrections,
      Defendants


**O R D E R**


      Bruce Brown, an inmate at the New Hampshire State prison,

has served approximately 15 years of a 20-40 year sentence for

sexual assault.  About five years ago, he began experiencing

intermittent back pain.  Over time, that pain became worse and

Brown says it is now severe (sometimes incapacitating) and can

only be alleviated through surgery to fuse damaged lumbar discs.

He claims prison officials are aware not only that he suffers

from debilitating pain, but also that several consulting

physicians have recommended surgery.  And yet, says Brown, prison

officials refuse to provide him with that medically necessary

surgery.


      Brown brings this action alleging that defendants have acted

with deliberate indifference to his serious medical needs and, in

so doing, violated his Eighth Amendment right to be free from cruel and unusual punishment.  He also brings state law claims of medical malpractice and intentional infliction of emotional distress, over which he asks the court to exercise supplemental jurisdiction.  See 28 U.S.C. § 1367(a).  He seeks monetary damages for his suffering, and injunctive relief compelling defendants to provide him with the surgery he says he needs.[1]

Defendants deny that they violated any of Brown's rights and, because they say there are no genuinely disputed material facts, defendants claim they are entitled to judgment as a matter of law.  Brown objects.

For the reasons discussed below, defendants' motions for summary judgment are granted as to Brown's Eighth Amendment claim.  As to Brown's state law claims for negligence and intentional infliction of emotional distress, the court declines to exercise its supplemental jurisdiction and those claims are dismissed without prejudice.

---

[1]     It is not entirely clear what medical treatment Brown has received since he filed his complaint or what treatment he is currently undergoing.  He simply reports, somewhat cryptically, that "at this time, [he] is receiving some treatment for his spinal damage."  Plaintiff's motion for voluntary nonsuit (document no. 22) at 1.

**Standard of Review**

When ruling on a motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir. 1990).  Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." <u>Int'l Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr.</u>, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).  Nevertheless, if the non-moving party's "evidence is merely colorable, or is not significantly probative," no genuine dispute as to a material fact has been proved, and "summary judgment may be granted." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986) (citations omitted).

The key, then, to defeating a properly supported motion for summary judgment is the non-movant's ability to support his or her claims concerning disputed material facts with admissible <u>evidence</u> that conflicts with that proffered by the moving party.

<u>See generally</u> Fed. R. Civ. P. 56(c).  It naturally follows that
while a reviewing court must take into account all properly
documented facts, it may ignore a party's bald assertions,
unsupported conclusions, and mere speculation.  <u>See</u> <u>Serapion v.
Martinez</u>, 119 F.3d 982, 987 (1st Cir. 1997).  <u>See also</u> <u>Scott v.
Harris</u>, 550 U.S. 372, 380 (2007) ("When opposing parties tell two
different stories, one of which is blatantly contradicted by the
record, so that no reasonable jury could believe it, a court
should not adopt that version of the facts for purposes of ruling
on a motion for summary judgment.").

## Background

    Brown's factual allegations are discussed in the court's
order dated November 24, 2010 (document no. 9), denying Brown's
request for preliminary injunctive relief, but allowing him to
proceed with some of his claims against Dr. Celia Englander
(Chief Medical Officer for the Department of Corrections), Robert
McLeod (former Administrative Director of Medical and Forensic
Services to the Department of Corrections), Richard Gerry (Warden
of the N.H. State Prison for Men), and William Wrenn
(Commissioner of the N.H. Department of Corrections).  Those
allegations need not be recounted.  It is sufficient to note that
since the onset of his back pain, Brown has been seen by several
medical professionals, he has been provided with a number of

different pain-killers (both prescription and non-prescription), and he has received at least one round of cortisone injections. Nevertheless, Brown says his back pain remains and he believes surgery is the only appropriate treatment.

**Discussion**

I.   <u>Deliberate Indifference to Serious Medical Needs</u>.

To prevail on his Eighth Amendment claim for medical mistreatment, Brown must show that prison officials demonstrated "deliberate indifference to [his] serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  That test has both an objective component and a subjective component.  <u>See</u> <u>DesRosiers v. Moran</u>, 949 F.2d 15, 18 (1st Cir. 1991).

As the Supreme Court has noted, the Constitution "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991) (citation and internal quotation marks omitted).  Consequently, under the objective component of the deliberate indifference test, Brown must show that he has suffered a serious deprivation of a fundamental right or basic human need.  <u>See DesRosiers</u>, 949 F.2d at 18.  And, under the subjective component, he must demonstrate

5

that defendants were actually aware of, yet consciously chose to disregard, a substantial risk of serious harm to him.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").  See also Id. at 838 ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment.").

    Having identified the type of evidence that is required for an inmate to prevail on an Eighth Amendment claim it is, perhaps, appropriate to discuss what falls short of establishing a viable constitutional claim.  For example, it is well-established that an Eighth Amendment medical mistreatment claim cannot be premised on a theory of simple negligence or even a clear case of medical malpractice.  Rather, to constitute a violation of the Eighth Amendment, a medical care provider's conduct must go well beyond negligence in diagnosing or treating a prisoner's medical condition.  See Estelle, 429 U.S. at 105-06.  Similarly, a constitutional violation does not occur merely because a prisoner

disagrees with a medical professional's decisions regarding the proper course of medical treatment.  <u>See, e.g.</u>, <u>Ruiz-Rosa v. Rullan</u>, 485 F.3d 150, 156 (1st Cir. 2007) ("[S]ubstandard care, malpractice, negligence, inadvertent failure to provide care, and disagreement as to the appropriate course of treatment are all insufficient to prove a constitutional violation."); <u>Watson v. Caton</u>, 984 F.2d 537, 540 (1st Cir. 1993) ("The courts have consistently refused to create constitutional claims out of disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment, or to conclude that simple medical malpractice rises to the level of cruel and unusual punishment.").

Instead, to violate the Eighth Amendment, the "care provided must have been so inadequate as to shock the conscience," <u>Feeney v. Corr. Med. Servs.</u>, 464 F.3d 158, 162 (1st Cir. 2006) (citations and internal punctuation omitted), or it must have "constitute[d] an unnecessary and wanton infliction of pain or [been] repugnant to the conscience of mankind," <u>Estelle</u>, 429 U.S. at 105-06 (citations and internal punctuation omitted).

II.  <u>Plaintiff's Eighth Amendment Claim</u>.

In support of his constitutional claim, Brown says Dr. Englander was aware that he suffered from severe back pain and,

notwithstanding his repeated complaints, she knowingly and
deliberately denied him appropriate treatment (in the form of
surgery).  Brown goes on to assert that defendants Wrenn, McLeod,
and Gerry actively condoned Dr. Englander's failure/refusal to
provide Brown with what he says was medically necessary surgery.
But, of course, Brown is not qualified to determine whether the
surgery he seeks is "medically necessary."  Only a medical expert
can testify on such matters.  And, without such expert testimony,
Brown cannot establish that Dr. Englander's alleged "refusal" to
arrange for surgery amounts to deliberate indifference to a
serious medical need.


     As this court has previously noted in a substantially
similar case:

> This court lacks the medical training and expertise
> necessary to determine, in the absence of expert
> opinion evidence, whether the medical judgment
> exercised by the defendant physicians fell below an
> acceptable standard of professional care, much less
> that the medical care provided to [plaintiff] was so
> substandard as to implicate the Eighth Amendment.
> Stated slightly differently, the medical care
> [plaintiff] did receive was not so obviously and
> shockingly deficient that the court can conclude,
> without the benefit of supporting expert medical
> testimony, that [plaintiff] is likely to prevail on his
> Eighth Amendment claim.

Boudreau v. Englander, 2010 WL 2108219, *3 (D.N.H. 2010).  Here,
the medical treatment provided to Brown (prescription and non-

prescription medication designed to alleviate pain; steroid
injections; consultations with surgeons and pain-management
specialists) was not so obviously outrageous or malicious that a
lay trier-of-fact could reasonably conclude that it violated the
Eighth Amendment's proscription against cruel and unusual
punishment.

So, to prevail on his constitutional claims, Brown must
provide expert medical testimony.  See, e.g., Robinson v. Hager,
292 F.3d 560, 564 (8th Cir. 2002); Boring v. Kozakiewicz, 833
F.2d 468, 473 (3d Cir. 1987).  He has, however, failed to
disclose an expert witness.  The time for doing so has passed,
and he has not sought an extension of that deadline.  Absent such
expert medical testimony, defendants are entitled to judgment as
a matter of law on Brown's constitutional claim.

Parenthetically, the court notes that it has attempted to
construe Brown's opposition to summary judgment (and the
potential arguments available to him) in the most generous light
possible.  As construed on preliminary review, Brown's complaint
advances a single federal constitutional claim: "that he has a
serious medical need that requires surgical correction, and that
the prison defendants have refused to provide, or delayed in
providing, necessary treatment."  Order dated November 24, 2010

(document no. 9) at 18-19.  Importantly, the court also held that
Brown's complaint failed to state a viable Eighth Amendment claim
based upon problems he claims to have experienced obtaining
appropriate medications to manage his pain.  See <u>Id</u>. at 17
("Brown cannot assert a claim for deliberate indifference to his
pain based on difficulties with his medication.").

     Rather than addressing the medical sufficiency of the care
he received, however, Brown focuses exclusively on his claim to
have suffered excruciating pain - pain he says defendants knew
of, yet failed to properly address.  That, says Brown, is not
only enough to make out a viable Eighth Amendment claim, but it
is also sufficient to survive summary judgment - even without a
medical expert.

>     [Brown] believes no expert can opine on the amount of
>     pain he suffered and how it was exacerbated by the
>     repeated failure to follow through on promised
>     referrals or treatment made by Dr. Englander.  <u>He
>     received treatment; he is not questioning that nor the
>     sufficiency of the treatment</u>; rather he believes it
>     does not take an expert to determine the effect of
>     years of excruciating pain as documented by Dr.
>     Englander herself, on an inmate paired with unmet
>     promises of relief.

Plaintiff's memorandum (document no. 24) at 7 (emphasis
supplied).

Brown is incorrect.  One can certainly imagine scenarios in
which a defendant's conduct might be so outrageous and so
obviously undertaken either with intent to injure an inmate or
with deliberate indifference to the inmate's well-being that
expert medical testimony would not be necessary.  This, however,
is not one of those cases.  In fact, Brown seems to concede as
much: "Mr. Brown has received mixed opinions from both treating
physicians and potential expert witnesses as to the best course
of treatment presently and in the past" and "the adequacy of his
treatment has not yet been determined."  Plaintiff's motion for
voluntary nonsuit (document no. 22) at 1.  The fact that even the
medical experts Brown consulted cannot agree as to the "best
course of treatment," and the fact that none of those experts
appears to have opined that the care Brown did receive was
substandard, substantially undermine any claim that the treatment
he actually received from Dr. Englander was so far below
acceptable medical norms as to shock the conscience or amount to
an unnecessary and wanton infliction of pain.

In short, while Brown may think that better or more
effective treatments were available to alleviate his pain, only a
medical expert can testify to such matters, and, in this case,
only a qualified expert can provide opinion evidence regarding
the adequacy or inadequacy of the care actually given.  Absent

11

such expert medical testimony, Brown cannot prevail on his constitutional claims.

III. <u>Plaintiff's State Law Claims</u>.

Having concluded that defendants are entitled to judgment as a matter of law on the sole federal claim in Brown's complaint, the court must next determine whether it is appropriate to exercise supplemental jurisdiction over his state law claims of medical malpractice and intentional infliction of emotional distress.

Defendants urge the court to follow a somewhat unusual course: They ask it to exercise supplemental jurisdiction over Brown's medical malpractice claim (and grant them summary judgment), but decline to exercise supplemental jurisdiction over his intentional infliction of emotional distress claim.  That invitation is rejected.

Section 1367 of Title 28, United States Code, provides that the court may decline to exercise supplemental jurisdiction over a plaintiff's state law claim when:

    (1)  the claim raises a novel or complex issue of State
         law,

  (2) the claim substantially predominates over the
     claim or claims over which the district court has
     original jurisdiction,

  (3) <u>the district court has dismissed all claims over
     which it has original jurisdiction</u>, or

  (4) in exceptional circumstances, there are other
     compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis supplied).  To assist district

courts, the Court of Appeals for the First Circuit has identified

the following additional factors that should be considered when

determining whether to exercise supplemental jurisdiction over

state law claims: (1) the interests of fairness; (2) judicial

economy; (3) convenience; and (4) comity.  <u>See</u> <u>Camelio v.</u>

<u>American Fed'n</u>, 137 F.3d 666, 672 (1st Cir. 1998).  With regard

to principles of fairness and comity, the Supreme Court has

observed:

   Needless decisions of state law should be avoided both
   as a matter of comity and to promote justice between
   the parties, by procuring for them a surer-footed
   reading of applicable law.  Certainly, if the federal
   claims are dismissed before trial, even though not
   insubstantial in a jurisdictional sense, the state
   claims should be dismissed as well.

<u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) (footnote

omitted).

  Given that the court has dismissed the sole federal claim in

Brown's complaint, and taking into consideration the factors

identified in both <u>United Mine Workers</u> and <u>Camelio</u>, the court declines to exercise supplemental jurisdiction over the state law claims in Brown's complaint, which shall be dismissed without prejudice.

**Conclusion**

The mere fact that Brown suffered severe pain as a result of his back condition is not evidence of defendants' deliberate indifference to his serious medical needs.  It is possible that even if he had received cutting-edge, world-class medical care, he still would have experienced substantial discomfort.  Thus, the fact that he was in pain - even if defendants were aware of his suffering - is not dispositive.  Rather, the critical question presented by his Eighth Amendment claim is how defendants <u>responded</u> to his medical condition - that is, whether they were deliberately indifferent to a serious medical condition.

Under the circumstances presented in this case, only a medical expert can opine as to whether the treatment provided to Brown was so plainly improper, and that surgery was so obviously the only means by which to address his pain, that defendants' failure/refusal to provide such surgery amounted to deliberate indifference to Brown's serious medical needs.  But, because

14

Brown has failed to identify a medical expert, he cannot prevail on his Eighth Amendment claim.  Consequently, as to that claim, defendants are entitled to summary judgment.  As to Brown's remaining state law causes of action, however, the court declines to exercise its supplemental jurisdiction, and those claims are dismissed without prejudice.

Defendants' motions for summary judgment (documents no. 18 and 27) are granted in part, and denied in part, as discussed above.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 1, 2012

cc:  Nancy S. Tierney, Esq.
     Martin P. Honigberg, Esq.
     Lynmarie C. Cusack, Esq.

15