UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Bruce Brown

        v.                        Case No. 10-cv-257-SM

Celia Englander et al.


ORDER ON BILL OF COSTS

      On June 1, 2012, the court granted the defendants' motions for summary judgment as to the plaintiff's Eighth Amendment claim and declined to exercise supplemental jurisdiction over the remaining state law claims (doc. no. 41). Defendant Englander has submitted a bill of costs in the amount of $1,344.77 for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" pursuant to 28 U.S.C. § 1920(4). The words "use in the case" generally require that the documents must have a direct relationship to the determination and result of the case. Dopp v. HTP Corp., 755 F. Supp. 491, 502 (D.P.R. 1991), vacated on other grounds, 947 F.2d 506 (1st Cir. 1991). Attached to the defendant's bill of costs is an itemized list of copying and printing costs; however, the defendant has not filed a memorandum of law in support of the bill of costs as required by LR 54.1(b) and has offered no explanation as to why these copying and printing costs for documents were necessarily obtained for use in the case.

The party seeking costs bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden." Allison v. Bank One-Denver, 289 F.3d 1223, 1248-49 (10th Cir. 2002). "Recording what documents were copied and explaining how the documents were used in the case is absolutely necessary before the Court can permit such an award." Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 782 (D.P.R. 1997).

Because defendant has failed to comply with LR 54.1(b) and explain the use of the $1,344.77 in expenses for copies, the request for costs is denied without prejudice. The defendant has fourteen (14) days from the date of this order to file a memorandum of law addressing the nature, use and necessity of the documents copied and the legal authority to tax such costs against the plaintiff. See Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990) (allowing copying costs which are reasonably necessary for the maintenance of the action); United States v. Davis, 87 F. Supp. 2d 82, 88 (D.R.I. 2000) (requiring party seeking copying costs to demonstrate the necessity therefore).

      SO ORDERED.

August 29, 2012                           /s/ Daniel J. Lynch
                                            Daniel J. Lynch
                                            Chief Deputy Clerk

cc:    Nancy S. Tierney, Esq.
        Martin P. Honigberg, Esq.
        Lynmarie C. Cusack, Esq.